Defendant-appellant, Anthony W. Sampson, appeals a decision of the Butler County Area III Court denying his motion to suppress evidence.
On March 8, 1997, appellant was arrested and charged with driving under the influence of alcohol in violation of R.C.4511.19(A)(1) and driving with a prohibited level of alcohol as measured by breath in violation of 4511.19(A)(3). On April 8, 1997, appellant filed a motion to suppress the evidence relating to his arrest on the grounds that the police lacked "lawful cause to stop and detain him." The trial court held a suppression hearing on April 15, 1997.
At the suppression hearing, Kay Oaks testified that on March 8, 1997, at approximately 5:40 a.m., she was driving to work at the Union Township Fire Department when she observed appellant swerving and driving erratically in front of her. Oaks testified that after she followed appellant for a short distance, he pulled off to the right side of the road and parked with part of his vehicle remaining in the road.
Oaks testified that she parked behind appellant because she was "leery about going by him" due to his erratic driving. Oaks testified that she proceeded to approach appellant's vehicle to determine if he had a problem. Oaks testified that she found appellant slumped over in the driver's seat talking on a cellular phone with the engine of his vehicle running. Oaks testified that after appellant finished his call, she expressed concerns to appellant about his ability to drive and convinced him to allow her to use the cellular phone in order to call for help.
Oaks testified that she called the Union Township dispatcher and requested that they send a police officer because she "had a driver that needed some help." Oaks testified that after waiting three to five minutes, Officer Bob Reese of the Union Township Police Department arrived at the scene. Oaks testified that upon his arrival, Officer Reese approached appellant's vehicle and obtained the keys to appellant's vehicle. Oaks testified that Officer Reese then approached her and she explained to him that she had observed appellant driving erratically.
Officer Reese testified that he received a dispatch on March 8, 1997, at approximately 5:50 a.m., concerning a driver that had parked on the side of the road and needed assistance. Officer Reese testified that upon arriving, he parked across the street from appellant and observed that appellant's vehicle was partially parked on the road. Officer Reese testified that when he approached appellant's vehicle to determine if he needed assistance, he noticed an odor of alcohol and observed that appellant "had trouble enunciating his words." Officer Reese testified that he asked appellant to turn his vehicle off and obtained the keys to appellant's vehicle. Officer Reese testified that he proceeded to approach Oaks to learn more about the situation, and she explained that she had observed appellant driving erratically.
Officer Michael Sly also testified that he received a dispatch on March 8, 1997, at approximately 5:50 a.m., concerning a driver who had parked on the side of the road and needed assistance. Officer Sly testified that upon arriving, he observed that appellant's vehicle was partially parked on the road. Officer Sly testified that Officer Reese and Oaks apprised him of the situation and provided him with the keys to appellant's vehicle. Officer Sly testified that when he approached appellant's vehicle, he noticed an odor of alcohol and observed that appellant's speech was slurred and his eyes were bloodshot. Officer Sly testified that he asked appellant to exit his vehicle and submit to field sobriety tests. Officer Sly testified that after appellant failed three field sobriety tests, he arrested appellant for driving under the influence of alcohol.
On June 23, 1997, the trial court denied appellant's motion to suppress. The trial court found that since appellant was already parked on the side of the road when Officer Reese initially approached his vehicle, the police did not stop appellant. Further, the trial court found that when Officer Reese approached appellant, Officer Reese noticed a strong odor of alcohol and observed that appellant was having problems with his speech. The trial court concluded that Officer Reese properly detained appellant and properly requested that appellant perform field sobriety tests based upon these facts. After the trial court denied his motion to suppress, appellant entered a no contest plea to the R.C. 4511.19(A)(3) charge.
On appeal, appellant assigns two assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN OVERRULING APPELLANT'S MOTION TO SUPPRESS EVIDENCE FLOWING FROM THE UNLAWFUL DETENTION OF APPELLANT AND HIS VEHICLE.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN OVERRULING APPELLANT'S MOTION TO SUPPRESS WHERE THE COURT'S FINDING OF FACT ARE NOT SUPPORTED BY COMPETENT, CREDIBLE EVIDENCE AND, AS A MATTER OF LAW, DO NOT MEET THE APPLICABLE STANDARD REGARDING REASONABLE SUSPICION AND DETENTION.
In his first assignment of error, appellant argues that when Officer Reese detained him by obtaining the keys to his vehicle, Officer Reese lacked reasonable suspicion of criminal conduct. Thus, appellant asserts that his constitutional rights were violated and the trial court erred by denying his motion to suppress.
The Fourth Amendment of the United States Constitution gives people the right "to be secure * * * against unreasonable searches and seizures." However, an encounter which does not involve physical force or a show of authority is a consensual encounter that does not implicate Fourth Amendment protection. Florida v. Bostick (1991), 501 U.S. 429, 434, 111 S.Ct. 2382, 2386, quoting, Terry v. Ohio (1968), 392 U.S. 1, 19, n. 16, 88 S.Ct. 1868,1879, n. 16. Thus, Ohio courts have recognized that a police officer's approach and questioning of persons seated within parked vehicles is generally a consensual encounter that does not require reasonable suspicion of criminal activity. See, e.g., State v. Johnston (1993), 85 Ohio App.3d 475, 478; State v. Smith (Oct. 16, 1995), Madison App. No. CA95-03-009, unreported.
An encounter loses its consensual character if a police officer, by physical force or show of authority, restrains a person's liberty so that a reasonable person would not feel free to walk away. United States v. Mendenhall (1980), 446 U.S. 544, 553,100 S.Ct. 1870, 1876-1877. When a police officer restrains a person's freedom to walk away, the person has been "detained" so as to implicate Fourth Amendment protection. Id. Thus, in order for the detention to be constitutionally valid, the police officer must have a reasonable and articulable suspicion that the individual is engaged in criminal conduct or that such activity is imminent. State v. Green (Feb. 6, 1998), Lake App. No. 97-L-085, unreported, citing, Terry, 392 U.S. at 19-21,88 S.Ct. at 1879-1880. The propriety of a detention must be viewed in light of the totality of the circumstances. Bostick, 501 U.S. at 437,111 S.Ct. at 2387.
In the present case, after responding to a dispatch for assistance, Officer Reese discovered appellant in a vehicle that was parked on the side of the road. Thus, Officer Reese's initial contact with appellant was a consensual encounter, not a stop or seizure that would implicate Fourth Amendment scrutiny and require reasonable suspicion of criminal activity.
When Officer Reese obtained the keys to appellant's vehicle, the encounter lost its consensual character and escalated into a detention that implicated Fourth Amendment protection. However, the detention was justified by a reasonable and articulable suspicion that appellant was engaged in criminal activity. At approximately 5:50 a.m., Officer Reese received a dispatch that a driver was parked on the side of the road and needed assistance. When Officer Reese arrived, he observed that appellant had illegally parked in part of the road with the engine of his vehicle running. Officer Reese proceeded to approach appellant's vehicle, and during their initial encounter, Officer Reese noticed an odor of alcohol and observed that appellant was having trouble with his speech. Based upon the totality of these circumstances, we conclude that Officer Reese had a reasonable and articulable suspicion to detain appellant in order to investigate whether he was driving under the influence of alcohol. See State v. Robinson (Sept. 8, 1997), Butler App. No. CA97-04-093, unreported; State v. Smith (Oct. 16, 1995), Madison App. No. CA95-03-009, unreported. Accordingly, appellant's first assignment of error is overruled.
In his second assignment of error, appellant asserts that the trial court's findings of fact are not supported by competent and credible evidence. At a hearing on a motion to suppress, the trial court serves as the trier of fact, weighs the evidence and evaluates the credibility of witnesses. State v. Smith (1991),61 Ohio St.3d 284, 288; Fairfield v. Adams (Apr. 22, 1996), Butler App. No. CA95-09-153, unreported. Therefore, an appellate court is required to accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Retherford (1994), 93 Ohio App.3d 586, 592; State v. Johnston (1993), 85 Ohio App.3d 475, 477.
In the present case, we find that the trial court's findings of fact are supported by competent, credible evidence. The trial court found that appellant was already parked when he was approached by Officer Reese. The trial court further found that when Officer Reese approached appellant he noticed "a strong odor of alcohol" and observed that appellant was having problems with his speech. Appellant correctly asserts that although Officer Reese testified that he noticed an odor of alcohol, he did not characterize this as a strong odor. Nevertheless, the remainder of the trial court's findings of fact were supported by Officer Reese's testimony, and we find that Officer Reese had a reasonable and articulable suspicion to detain appellant regardless of whether the odor of alcohol was incorrectly characterized as a strong odor. Accordingly, appellant's second assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.